172730C1\man\031412\cms\05161703|7|2

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID TURNER and ANITA TURNER, his wife, | ) ) ) | CIVIL DIVISION |
| Plaintiffs, vs. | ) ) ) | CASE NO. 2011-982 |
| O & G INVESTMENT HOLDINGS, INC., an Ohio corporation, JAY G. HENTHORNE, JR. and JASON F. HENTHORNE, | ) ) ) ) ) ) | JURY TRIAL DEMANDED |
| Defendants. | ) | |

## ORDER OF COURT ON MOTION TO COMPEL

WHEREAS, Plaintiff filed a Motion to Compel Discovery;

WHEREAS, this Court has considered the Motion, the Defendants' Reply in Opposition to Motion to Compel and Plaintiffs' Reply thereto, which this Court accepted on the Plaintiff's Motion to permit the filing.

NOW THEREFORE:

1. Defendants shall supplement the answer to Interrogatory No. 1 by providing contact information for Richard Niedballa and Matt Niedballa and whether either is currently employed by O&G.

2. Defendants shall answer Interrogatory No. 4.

3. Defendants shall answer Interrogatory No. 5.

4. To the extent that Defendants withheld any documents in response to Request for Production No. 1, other than communications directly with their counsel after March 31, 2011, Defendants shall provide a privilege log generally identifying the document, its date and the privilege claimed.

5. Defendants shall fully respond and produce all documents responsive to Request for Production No. 2. If Defendants believe any such documents should be subject to a confidentiality agreement, Defendants shall identify those documents and prepare a confidentiality agreement with respect thereto.

6. Defendants shall specifically respond to Request for Production No. 3. If there are no documents distinct from those referenced in the response to Request for Production No. 2, Defendants shall so state. If Defendants believe any documents to be produced in response to this Request should be subject to a confidentiality agreement, Defendants shall identify those documents and prepare a confidentiality agreement with respect thereto.

7. Defendants shall specifically respond to Request for Production No. 4.

8. Defendants shall specifically respond to Request for Production No. 5.

9. As to those documents previously produced under the heading of "Initial Disclosures", Defendants shall specify which of Plaintiffs' Request for Production to which each document is responsive.

10. If there are any other documents that Defendants produce that they contend should be subject to a confidentiality agreement, they may include them as being protected by the proposed confidentiality agreement.

11. If Defendants intend to produce documents pursuant to a confidentiality agreement, they shall submit a draft of the proposed confidentiality agreement to Plaintiffs' counsel within ten (10) days hereof. Plaintiffs' counsel shall respond to the proposed agreement within five (5) days after receipt. If the parties cannot agree on the terms of the confidentiality agreement, although they are encouraged to come to agreement on a format generally utilized in matters of this kind, they shall each submit a proposed agreement to this Court after informing this Court of their lack of agreement on a form and this Court will select one of them.

12. All other discovery ordered herein shall be completed within twenty (20) days following the date of this Order.

BY THE COURT:

_____ J.

1/4/12