IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID TURNER AND ANITA TURNER, his wife, | )<br>) Civil Action No. 11-982<br>) |
| Plaintiffs, | )<br>) |
| v. | )<br>) |
| O&G INVESTMENT HOLDINGS, INC., an Ohio Corporation, JAY G. HENTHORNE, JR. and JASON F. HENTHORNE, | )<br>)<br>)<br>) |
| Defendants. | )<br>) |

## CONFIDENTIALITY AGREEMENT

The parties hereby agree as follows:

1. This Confidentiality Agreement ("Agreement") shall govern all documents, information, or other materials produced by parties or non-parties to this action which are properly designated as confidential.

2. Any party or non-party shall have the right to designate as confidential any documents, information, or other materials ("Confidential Information") exchanged or offered by clearly marking or noting the same as "Confidential" or utilizing other comparable language. Such Confidential Information shall include, but not be limited to:

> All documents and information (including confidential information in computer storage media or devices of every type or description, including any metadata associated therewith) furnished to the parties in discovery (whether formal or informal), including depositions, that are claimed to be of a trade secret, proprietary, and/or confidential nature and are so marked or identified by the party claiming confidentiality. Access to and review of Confidential Information shall be strictly controlled by the terms of this Agreement.

3. Information designated as Confidential Information shall not be disclosed to anyone other than the following:

    a. counsel of record for any party in this action;

    b. paralegal, stenographic, clerical, or other employees of counsel of record in this action;

    c. court reporters and/or their employees engaged to record and transcribe testimony in this action;

    d. independent experts or consultants employed by counsel of record in this action to assist in the preparation or trial of this action;

    e. parties, and/or directors, officers, and employees of any party in this action to the extent that disclosure of confidential information is necessary with respect to the legal advice rendered;

    f. any witness from whom testimony is being taken during the course of his or her testimony or during the preparation thereof provided that such witness may not retain any confidential information; and

    g. the Court and employees of the Court.

4. Information designated as Confidential Information shall not be disclosed to persons specified in 3(d), (e), and (f) until such persons have signed a copy of this Agreement acknowledging their receipt of, and agreement to be bound by, the terms and conditions of this Agreement.

5. Information designated as Confidential Information shall not be used or disclosed in any context except the instant lawsuit. To the extent any party seeks to use any Confidential Information in support of any Motion or at trial, said Confidential Information shall not be attached as an exhibit to any publically filed document, nor exhibited in open court, but shall instead be provided first to the Court for an in-camera review and determination of the appropriate way in which said Confidential Information may be reviewed, used, or considered by a trier of fact. Under no circumstances shall any person who may be entitled to receive, or who

is afforded access to any Confidential Information, either use or disclose the same for purposes of business or competition, or any purpose other than the preparation of and the prosecution of this lawsuit and solely as contemplated herein. Any person afforded access to any Confidential Information shall take all precautions necessary to keep the information secure in accordance with this Agreement.

6. Any party may object to the designation of information as Confidential Information by serving written notice of objection on all parties, specifying the information to which the objection is made. The party designating the information as Confidential Information shall file a motion for determination by the Court with respect to the confidential designation within 20 days after the service of the notice of objection. The party objecting to the confidential designation shall thereafter be allowed 10 days to respond. In the event an appropriate motion is filed with the Court the disputed information shall remain confidential pending resolution by the Court.

7. Upon the final disposition of this action, unless otherwise agreed in writing by counsel of record, each party or other person shall return or destroy all information designated as confidential, including all copies of the same, upon the request of the designating party.

8. The parties retain the right to question, challenge, and object to the admissibility of any information designated as Confidential Information disclosed under the terms of this Agreement.

9. This Agreement shall not restrict the right or ability of any party to disclose to self-produced information or materials, so long as said materials rely upon, relate to, reflect or refer any Confidential Information.

10. This Agreement shall be effective immediately and shall apply to any information previously designated or claimed as confidential.

11. This Agreement may be signed by counsel for the respective parties to this action. Said signatures shall bind the parties with the same force and effect as if the parties had signed the Agreement personally.

13. The parties hereto recognize and acknowledge that injunctive relief, in addition to appropriate monetary damages, is appropriate to remedy any violation hereof, and that should any injunction be necessary to enforce the terms of this Agreement, the aggrieved party shall be entitled to recover, from any party guilty of violating the terms of this Agreement, the actual attorneys' fees incurred in the course of obtaining and litigating to conclusion said injunction.

By: _____
Kevin L. Colosimo
Andrew G. Jenkins
BURLESON LLP
501 Corporate Drive, Suite 105
Canonsburg, PA 15317
Attorneys for Defendants

By: _____
Maurice Nernberg
Maurice Nernberg & Associates
301 Smithfield Street
Pittsburgh, PA 15222
Attorney for Plaintiff

Acknowledged by the Court, and so ORDERED, this 25th day of April, 2012.

_____
Hon. Gary L. Lancaster, Chief U.S. District Judge